UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RYAN CODDINGTON,

Plaintiff,

v.

RICHARD CABRERA, *et al.*,

Defendants.

Case No. 3:17-cv-00256-MMD-WGC

AMENDED ORDER[1] REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB

## I.  SUMMARY

*Pro se* Plaintiff Ryan Coddington alleges that Defendants Deputy Jack Sobol, Deputy Herbert Parada, and Sergeant Richard Cabrera violated his Fourteenth Amendment Due Process right when they applied excessive force to him while he was a pretrial detainee.

Before the Court is a Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R") (ECF No. 25), regarding Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 18) and Defendants' Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment[2] ("Cross-

---

[1] The Court issues an amended order to correct a typographical error in reference to the Report and Recommendation in the conclusion of this order. No other changes are made.

[2] Defendants filed their opposition and cross-motion as one document contrary to LR IC 2-2(b).  (ECF No. 19.)  Nevertheless, the Court has reviewed the briefs relating to Plaintiff's Motion and Defendants' Cross-Motion.  (ECF Nos. 18, 19, 21, 23.)

1  Motion") (ECF No. 19). Judge Cobb recommends that the Court deny both motions.
2  (ECF No. 25 at 12:12–14.) Defendants filed objections to the R&R (ECF No. 27), but
3  Plaintiff did not. As discussed further below, the Court agrees with Judge Cobb's
4  reasoning, adopts the R&R in full, and denies both Motions.

## II. BACKGROUND

On April 30, 2015, Plaintiff was a pretrial detainee at the time he was involved in a physical altercation with all three Defendants in the Lyon County Jail Complex. Both parties dispute whether Defendants' use of force was objectively reasonable. In doing so, both parties rely on video of the incident as well as the sworn testimony of Deputies Sobol and Parada at the preliminary hearing of the criminal charges brought against Plaintiff in connection with the incident. (ECF No. 18 at 18:14–22; ECF No. 19 at 5:2, 15; ECF No. 25 at 5:16–18.)

Judge Cobb reviewed the video and concluded that there are genuine disputes of material fact that the video cannot resolve. (ECF No. 25 at 11:17–18.) Accordingly, Judge Cobb recommends that this Court deny both Plaintiff's Motion and Defendants' Cross-Motion. (*Id.* at 12:12–14.) This Court has reviewed all six footages within the video (ECF No. 20–1) and agrees with Judge Cobb's observations, incorporates by reference his descriptions of the video (ECF No. 25 at 10:5–19, 11:1–16), and does not recite those details here.

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth

Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser*

3

*Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV.     DISCUSSION**

Absent any objections to the R&R by Plaintiff, this Court adopts Judge Cobb's recommendation and denies Plaintiff's Motion. In light of Defendants' objections to the R&R, however, this Court has engaged in a *de novo* review to determine whether to adopt the R&R with respect to Defendants' Cross-Motion. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt Judge Cobb's R&R in full and overrules Defendants' objections.

///

4

1 | While the parties fundamentally disagree on whether Defendants' use of force was reasonable, both sides specifically dispute, *inter alia*, whether Plaintiff was still resisting when Defendants punched and kicked him while Plaintiff was on the ground. (ECF No. 18 at 18:24–28, 19:1–13; ECF No. 19 at 6:8–23.) Both sides contend that the video supports their positions, but this Court (in reviewing the video) agrees with Judge Cobb in finding that the video does not confirm either side's version of events, and there is no audio to provide context. (ECF No. 25 at 10:3–4.)

Defendants object to the R&R on two grounds. First, Defendants contend that the "videotape, even without sound, supports the officers' version of events and not those of the Plaintiff." (ECF No. 27 at 4:19–21.) Defendants repeatedly insist that it is immaterial whether Defendants gave Plaintiff verbal commands. (*See*, *e.g.*, *id.* at 4:8–10.) According to Defendants, no amount of verbal command would have been effective or required under their version of events where Plaintiff, without warning, strikes a corrections officer, flees from a cell block, and continues to resist officers while he is on the ground. (*Id.* at 3:24–26, 4:10–13, 8:2–8, 8:20.) Second, Defendants contend that they are entitled to qualified immunity for using force they claim was reasonable under their version of the facts. (*Id.* at 8:18–23.)

This Court overrules both of Defendants' objections for the same reason—their objections are premised on their version of the altercation as evidenced in the video. But the video does not conclusively prove Defendants' version of the altercation or make the parties' dispute of material facts less genuine. Viewing the evidence and drawing all inferences in the light most favorable to Plaintiff as the opposing party to Defendants' Cross-Motion, a rational trier of fact could find that Plaintiff was not resisting when Defendants punched and kicked him while he was on the ground. *See Lolli v. County of Orange*, 351 F.3d 410, 412 n.1 (9th Cir. 2003) (noting that, where a video reveals little about an incident at issue in the case, a motion for summary judgment as a matter of law must be resolved in favor of the nonmoving parties); *Pinder v. Baker, et al.*, No. 3:13-cv-00572-MMD-WGC (D. Nev. Oct. 17, 2013) (ECF No. 92 at 6) (denying motion for

5

summary judgment where video footage, although not conclusive, supports inmate's contention that officers had no good faith reason to beat inmate when he was not resisting); *Bradberry v. Nev. Dep't of Corr.,* No. 3:11-cv-00668-RCJ, 2013 WL 4702953, at *11 (D. Nev. Aug. 30, 2013) (denying motion for summary judgment on an Eighth Amendment, excessive-force claim where a reasonable jury could infer that an inmate was in restraints and not resisting when correctional officers applied force on him); *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (holding that the due process rights of a pretrial detainee are "at least as great as the Eighth Amendment protections available to a convicted prisoner"). Furthermore, Defendants may have downplayed the significance of audio that would reflect whether Defendants were giving Plaintiff verbal commands, but this Court is not persuaded. Audio of such verbal commands—even if ineffective—could provide helpful context to a trier of fact in discerning whether Plaintiff was resisting.

      Lastly, Defendants are not entitled to qualified immunity. In reaching that determination, this Court must decide (1) whether there is a constitutional violation, which is a question of fact, and (2) whether that right was clearly established at the time of the challenged conduct, which is a question of law. *See Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1085 (9th Cir. 2009) (citing to *Saucier v. Katz*, 533 U.S. 194, 201 (2001)); *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("[O]fficials can be on notice that their conduct violates established law even in novel factual circumstances."). As discussed above, a rational trier of fact can find that Defendants used excessive force when they punched and kicked Plaintiff after he stopped resisting, thereby violating his Fourteenth Amendment Due Process rights. *See Butler v. Anakalea*, 472 F. App'x 506, 507 (9th Cir. 2012) (holding that there is dispute of material fact on an excessive-force claim where there was evidence that a corrections officer "slammed and pressed [a pretrial detainee] against a concrete wall while he was handcuffed and not actively resisting"); *Carrillo v. Gillespie*, No. 2:12-CV-2165-JCM-VCF, 2013 WL 2147470, at *5 (D. Nev. May 14, 2013) (holding that an inmate stated an excessive-force claim where

he was allegedly restrained by two corrections officers and not resisting when a third officer injured his jaw, slammed his head against a wall, and pulled his hair and head backwards). The law is also clear that such right was clearly established at the time the altercation occurred. *See Beavers v. Edgerton,* 773 F. App'x 897, 898 (9th Cir. 2019)[3] (affirming district court's denial of summary judgment as to qualified immunity because it was clearly established in 1994 that using force on a non-resisting detainee violates their Due Process rights under the Fourteenth Amendment); *Martinez v. Stanford*, 323 F.3d 1178, 1180, 1184 (9th Cir. 2003) (holding that because the law regarding excessive force was clearly established in 1994, qualified immunity was improperly granted to officers who allegedly beat an inmate during a cell extraction, despite the inmate's lack of resistance).

Overall, there remains a genuine dispute of material facts precluding summary judgment on Plaintiff's excessive-force claims. Accordingly, the Court denies summary judgment.

## V. CONCLUSION

It is therefore ordered, adjudged and decreed that the R&R of Judge Cobb (ECF No. 25) is accepted and adopted in full.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 18) is denied.

It is further ordered that Defendant's cross-motion for summary judgment (ECF No. 19) is denied.

DATED nunc pro tunc THIS 12th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Ninth Circuit Rule 36-3, *Beavers* is not precedent, but may be cited by this Court. *See also* FRAP 32.1 This Court accordingly cites to *Beavers* not for its precedential value, but because it finds the Ninth Circuit's reasoning on a similar point of law persuasive.